UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE E. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13CV716 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This is an independent action for relief from judgment under Rule 60(d)(3) of the Federal Rules of Civil Procedure. Petitioner, an inmate at the FCI - Greenville, moves to proceed in forma pauperis. Petitioner's affidavit and prison account statement demonstrate that he does not have sufficient funds to pay the entire filing fee. Thus, the motion to proceed in forma pauperis will be granted, and petitioner will be required to pay an initial partial filing fee of $87.09. Furthermore, after carefully reviewing petitioner's arguments, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition. A review of petitioner's account indicates an average monthly deposit of $271.54 and an average monthly balance of $435.44. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $87.09, which is 20 percent of petitioner's average monthly balance.

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a respondent who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## Procedural Background

Petitioner was found guilty, after a bench trial, of multiple offenses including being a felon in possession of a firearm, possession with intent to distribute cocaine, using a false Social Security number, and evading currency transaction reporting requirements. *United States v.*

2

*Boyd*, No. 4:97-CR-301-ERW (E.D. Mo.). Petitioner was sentenced to 276 months' imprisonment and 6 years of supervised release. Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Boyd*, No. 98-3583 (8th Cir.). Thereafter, in June 2000, petitioner filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255; the motion was denied. *See Boyd v. United States*, 4:00-CV-985-SNL (E.D. Mo.). Subsequent motions for reconsideration were denied both in this Court and on appeal. On February 19, 2009, petitioner filed a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. *Boyd v. United States,* No. 4:09-CV-318-RWS (E.D. Mo.). The petition was summarily dismissed on March 13, 2009. On July 5, 2012, petitioner filed a motion pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, alleging fraud on the Court in his previous § 2255 action. *Boyd v. United States,* No. 4:12-CV-1217-ERW (E.D. Mo.). The motion was summarily dismissed on July 13, 2012, as successive under 28 U.S.C. § 2255. The instant action was filed on April 10, 2013.

## Petitioner's Request for Relief

Petitioner is challenging the validity of his sentence under Rule 60(d)(3). He alleges that his previous § 2255 motion was improperly denied and that "fraud [on the court] took place in four claims that had been raised and litigated during the [previous 2255] habeas proceedings." More specifically, petitioner states:

> (1) The prosecutor violated the Brady Rule, by providing to defendant a fabricated police report and concealed the true report; (2) the government violated defendant's due process rights by the nondisclosure of evidence to the accused in violation of the Brady/Jencks Act [and] paid government informant Bryant Troupe; (3) the defendant's due process rights were violated by the use of inaccurate information at sentencing; [and] (4) the government's failure to comply with its reverse Jencks Act obligation violated defendant's due process rights.

3

**Discussion**

Rule 60 motions challenging the denial of habeas relief are subject to the restrictions on second or successive habeas petitions if the prisoner is attempting to either raise a new ground for relief or attack a federal court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). In the instant action, petitioner is attempting to raise new grounds for relief. Thus, his claims are subject to the restrictions on filing successive habeas motions, and he must obtain permission from the United States Court of Appeals for the Eighth Circuit before he may bring such claims in this Court. *See* 28 U.S.C. § 2255(h). Because petitioner does not have permission from the appeals court, this action will be summarily dismissed. *See* 28 U.S.C. § 2255 Rule 4.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall pay an initial filing fee of $87.09 within thirty (30) days of the date of this Order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** as moot.[1]

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of June, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] On May 7, 2013, this case was reassigned to the Honorable Henry E. Autrey.